*ud*

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re HOOPAI, Debtor.<br>Bk. No. 04-02511 (Ch. 13) | )<br>)<br>) | <u>CV. NO. 05-00186 DAE-KSC</u><br>CV. NO. 05-00187 HG-BMK |
| JAMES PELOSI and MARCELLE<br>LOREN, CO-TRUSTEES OF THE<br>MALUHIA TRUST, | )<br>)<br>)<br>)<br>) | |
| Appellants, | )<br>) | **FILED IN THE<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF HAWAII** |
| vs. | )<br>)<br>) | OCT 1 4 2005 |
| LEHUA HOOPAI, | )<br>) | at ___ o'clock and ___ min. ___ M<br>**SUE BEITIA, CLERK** |
| Appellee. | )<br>)<br>) | |

ORDER AFFIRMING BANKRUPTCY COURT'S ORDERS DENYING
MOTION FOR ORDER TERMINATING THE AUTOMATIC STAY AND
GRANTING MOTION FOR APPROVAL TO SELL REAL PROPERTY

Pursuant to Federal Rule of Bankruptcy Procedure 8012, the Court

finds this matter suitable for disposition without oral argument. After reviewing

Appellants' appeal and the supporting and opposing memoranda, the Court

AFFIRMS the orders of the bankruptcy court denying motion for order terminating

the automatic stay and granting motion for approval to sell real property.

## BACKGROUND

On or about December 22, 1998, Appellee Lehua Hoopai

("Appellee") obtained a loan from Island Community Lending Corporation in the

principal amount of $97,137.00. The loan was evidenced by a note dated

December 22, 1998. The note was secured by a mortgage dated December 22,

1998, which encumbered real property located at 66-1253 Ahuli Circle, Kamuela,

Hawaii. On December 22, 1998, Island Community Lending Corporation assigned

the note and mortgage to Countrywide Home Loans, Inc. ("Countrywide"). Both

the mortgage and the assignment were duly recorded.

Appellee failed to make timely payments under the terms of the note

and Countrywide initiated non-judicial foreclosure proceedings pursuant to Hawaii

Revised Statutes §§ 667-5 through 667-10. Appellee does not deny that the note

and mortgage were valid and enforceable, nor does she deny that Countrywide

complied with all applicable requirements to collect the debt and foreclose the

mortgage.

The foreclosure auction was originally scheduled for April 23, 2004.

However, on April 23, 2004, Appellee filed a Chapter 11 bankruptcy proceeding,

which, pursuant to the automatic stay provision of 11 U.S.C. § 362, postponed the

auction. On September 8, 2004, the Chapter 11 proceeding was dismissed. The

dismissal terminated the automatic stay, allowing Countrywide to reschedule the auction for October 15, 2004.

Unbeknownst to Countrywide, Appellee was in the process of selling the property to Anna Fern White, who was the mother of Appellee's current tenant. Appellee signed a Deposit Receipt Offer and Acceptance with White on September 21, 2004. Countrywide had posted a Notice of Intent to Foreclose on the Property. Neither Appellee nor White appeared at the auction.

The auction was held as scheduled on October 15, 2004. The highest bid, in the amount of $159,000.00, was made by Defendants-Appellants James Pelosi and Marcelle Loren as Co-Trustees of the Maluhia Trust ("Appellants"). Appellants paid the full purchase price immediately following the auction.

On October 18, 2004, Appellee commenced a Chapter 13 bankruptcy proceeding, thereby invoking another automatic stay pursuant to 11 U.S.C. § 362. Countrywide immediately filed a Motion for Order Terminating the Automatic Stay so that it could record the affidavit required by Hawaii Revised Statute § 667-5 to complete the foreclosure process. Appellants joined in the motion.

On November 10, 2004, the bankruptcy court entered a stipulated order, which modified the automatic stay for the limited purpose of allowing Countrywide to file the required affidavit. The stipulated order was filed without

prejudice to Appellee and without conferring any rights upon any of the parties. The stipulated order was also subject to any finding or rulings made subsequently by the bankruptcy court concerning the effect, if any, of the auction.

By order dated January 19, 2005, the bankruptcy court denied Countrywide's Motion for Order Terminating the Automatic Stay finding, *inter alia*, that the Property was property of Appellee's bankruptcy estate. Appellants filed a Notice of Appeal on January 28, 2005.

On December 10, 2004, Appellee filed a Motion for Approval to Sell Real Property, which was granted on February 2, 2005. Appellants filed a Notice of Appeal on February 6, 2005.

On May 6, 2005, Appellants filed an Opening Brief. On May 20, 2005, Appellees filed an Answering Brief. On May 31, 2005, Appellants filed a Reply Brief. On June 8, 2005, Appellee filed a Motion to Strike portions of Appellants Reply Brief. Appellants filed an Opposition on June 17, 2005. On June 23, 2005, Appellee filed a Reply.

4

## STANDARD OF REVIEW

A.   Standard of Review for Bankruptcy Court Order Denying Relief From the Automatic Stay

"The decision to grant or deny relief from the automatic stay is committed to the sound discretion of the bankruptcy court." In re Conejo Enters., Inc., 96 F.3d 346, 351 (9th Cir. 1996). Such a decision is reviewed under the abuse of discretion standard. Id.; In re Robins, 310 B.R. 626, 629 (B.A.P. 9th Cir. 2004). "Decisions committed to the bankruptcy court's discretion will be reversed only if 'based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision.'" In re Conejo, 96 F.3d at 351 (citing In re Windmill Farms, Inc., 841 F.2d 1467, 1472 (9th Cir. 1988)).

B.   Standard of Review for Bankruptcy Court Order Granting Appellee's Motion to Sell Real Property

This Court reviews "appeals from orders to sell property of the estate other than in the ordinary course of business pursuant to 11 U.S.C. § 363(b)(1) for abuse of discretion." 11 U.S.C. § 363(b)(1) (2005); In re Popp, 323 B.R. 260, 265 (B.A.P. 9th Cir. 2005) (quoting In re Air Beds, Inc., 92 B.R. 419, 422 (B.A.P. 9th Cir. 1988)). "Decisions committed to the bankruptcy court's discretion will be reversed only if 'based on an erroneous conclusion of law or when the record

5

contains no evidence on which [the bankruptcy court] rationally could have based that decision.'" In re Conejo, 96 F.3d at 351 (citing In re Windmill Farms, Inc., 841 F.2d at 1472).

Appellee filed her Motion for Approval to Sell Real Property pursuant to 11 U.S.C. §§ 363(b)(1) and 11 U.S.C. § 1303. Under 11 U.S.C. § 363(b)(1), "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Under 11 U.S.C. § 1303, "[s]ubject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b)." Because Appellee based her motion on § 363(b)(1), the abuse of discretion standard applies.

## DISCUSSION

On appeal, Appellants ask this Court to reverse the bankruptcy court's order denying Countrywide's Motion for Order Terminating the Automatic Stay and the bankruptcy court's order granting Appellee's Motion for Approval to Sell Real Property. Primarily, Appellants argue that the bankruptcy court erred in determining that Appellee had an interest in the Property when she filed for bankruptcy and erred in concluding that the property was property of Appellee's bankruptcy estate. (See Appellants' Opening Br. at 8.) Accordingly, Appellants

6

argue, the property should not be subject to the automatic stay because the property

is not property of Appellee's bankruptcy estate.  Also, Appellants argue, Appellee

should not be able to sell the Property to a third party because Appellee does not

have any interest in the Property.

A.     The bankruptcy court did not abuse its discretion in denying
       Countrywide's Motion for Order Terminating the Automatic Stay.

Although Hawaii Revised Statutes §§ 667-5 though 667-10 govern

non-judicial foreclosure sales, Section 667-5 is the principle statute at issue in the

instant case.  Section 667-5 states:

> When a power of sale is contained in a mortgage, the
> mortgagee, or the mortgagee's successor in interest, or any
> person authorized by the power to act in the premises, may,
> upon a breach of the condition, give notice of the
> mortgagee's, successor's, or person's intention to foreclose
> the mortgage and of the sale of the mortgaged property, by
> publication of the notice once in each of three successive
> weeks (three publications), the last publication to be not
> less than fourteen days before the day of the sale, in a
> newspaper having a general circulation in the county in
> which the mortgaged property lies; and also give such
> notices and do all such acts as are authorized or required by
> the power contained in the mortgage.  Copies of the notice
> shall be filed with the state director of taxation and shall be
> posted on the premises not less than twenty-one days before
> the day of the sale.
>
> Any sale, of which notice has been give as aforesaid, may
> be postponed from time to time by public announcement
> made by the mortgagee or by some person acting on the

7

mortgagee's behalf.  *The mortgagee shall, within thirty days after selling the property in pursuance of the power, file a copy of the notice of sale and the mortgagee's affidavit, setting forth the mortgagee's acts in the premises fully and particularly, in the bureau of conveyances.*

The affidavit and copy of the notice shall be recorded and indexed by the registrar, in the manner provided in chapter 501 or 502, as the case may be.

This section is inapplicable if the mortgagee is foreclosing as to personal property only.

Haw. Rev. Stat. § 667-5 (2005) (emphasis added).[1]

The primary question presented by Section 667-5 is whether the interest in property being sold at a non-judicial foreclosure auction is transferred immediately after the property is sold and the purchase price is paid, or later when the required affidavit is filed.  Appellants argue for the former interpretation while Appellee argues for the latter interpretation.

The bankruptcy court did not abuse its discretion in interpreting the statute to mean that interest in the Property transferred only after the required affidavit was filed.  As the bankruptcy court explained, Hawaii case law is sparse on this issue.  (Bankr. Op. at 5.)  Most of the available case precedent deals with judicial foreclosures, which, the bankruptcy court concluded, do not shed light on

---

[1] As the bankruptcy court opinion points out, Hawaii Revised Statute § 667-5 has been in effect without significant change since 1874.

8

the statutes governing non-judicial foreclosures. Id. The bankruptcy court also

determined that cases from other jurisdictions with different legislatures and

different statutory language were unhelpful. Id.

The bankruptcy court then turned to the *in pari materia* canon of

construction to aid in its interpretation of Hawaii Revised Statute § 667-5. "Laws

in pari materia, or upon the same subject matter, shall be construed with reference

to each other. What is clear in one statute may be called in aid to explain what is

doubtful in another." Haw. Rev. Stat. § 1-16; State v. Batson, 99 Haw. 118, 120,

53 P.3d 257, 259 (2002).

The bankruptcy court referred to two Hawaii statutes and one Hawaii

Land Court Rule in its *in pari materia* analysis. All three pointed to the conclusion

that a non-judicial foreclosure sale is complete only upon filing the affidavit

required by Hawaii Revised Statute § 667-5.[2] First, the bankruptcy court looked to

Hawaii Revised Statutes § 667-33(b)-(b)(1), which states that "[w]hen both the

affidavit and the conveyance document are recorded: (1) [t]he sale of the

mortgaged property is considered completed." Haw. Rev. Stat. § 667-33(b)-(b)(1)

---

[2] The bankruptcy court acknowledged that neither of the two Hawaii statutes nor the Hawaii Land Court Rule applied to the instant case. They made it clear that they were only using the particular statutes and rule to help explain the ambiguous nature of Hawaii Revised Statute § 667-5.

(2005); Bankr. Op. at 7.  Likewise, Hawaii Revised Statutes § 514A-90(h)(1)-

(1)(A) states "'[c]ompletion' means: (A) [i]n a non-judicial power of sale

foreclosure, when the affidavit required under section 667-5 is filed." Haw. Rev.

Stat. § 514A-90(h)(1)-(1)(A) (2005); Bankr. Op. at 7-8.

Furthermore, Hawaii Land Court Rule 59 provides that, if the

mortgaged property is registered land covered by Hawaii Revised Statutes chapter

501, the registrar will issue a certificate of title once the required affidavit is filed

to the purchaser at a non-judicial foreclosure sale.  Rule 59 says:

> When the affidavit required by HRS § 667-5 is recorded
> with the assistant registrar, and the purchaser presents the
> deed which contains the proper number of the certificate of
> the land affected and also contains or has endorsed upon it
> a full memorandum of all encumbrances affecting the land,
> if any, or a statement that there are no outstanding
> encumbrances affecting the land, under the power of sale to
> the assistant registrar for recordation.

Haw. Land Court R. 59 (2005).  Thus, the bankruptcy court concluded, both of the

Hawaii statutes and the Hawaii rule indicate that title passes in a non-judicial

foreclosure sale when the required affidavit is filed and not when the auction is

completed.  (Bankr. Op. at 8.)  The Court finds that, given the dearth of factually

similar Hawaii precedent, the bankruptcy court did not abuse its discretion in its *in*

*pari materia* analysis.

The bankruptcy court also found that this conclusion was supported by the fact that its interpretation of Hawaii Revised Statute § 667-5 gives meaning to all of the statutory language. "It is a cardinal rule of statutory construction that a statute ought upon the whole to be constructed that, if it can be prevented, no clause, sentence or word shall be superfluous, void, or insignificant." In re City and County of Honolulu Corp. Counsel, 54 Haw. 356, 373, 507 P.2d 169, 178 (1973). The bankruptcy court found that its reading of the statute gives effect to the affidavit filing requirement. (Bankr. Op. at 8-9.) Under Appellants' reading, explains the bankruptcy court, the foreclosing mortgagee would have little, if any, reason to file the affidavit at all because their failure to do so would have no consequences. Id. The Court finds that the bankruptcy court did not abuse its discretion in reaching this conclusion.

The bankruptcy court then concluded that even if Appellants had entered into a binding contract with Countrywide, the contract was subject to the filing of the required affidavit. This conclusion logically follows the bankruptcy court's interpretation of Hawaii Revised Statute § 667-5. Under the bankruptcy court's interpretation, Countrywide no longer had a right to sell the Property after Appellee filed for bankruptcy. Therefore, the contract must be void. The Court

11

finds that the bankruptcy court did not abuse its discretion in reaching this conclusion.

B.    The bankruptcy court did not abuse its discretion in granting Appellee's Motion for Approval to Sell Real Property.

The Court also finds that the bankruptcy court did not abuse its discretion in granting Appellee's Motion for Approval to Sell Real Property. Reading 11 U.S.C. § 363(b)(1) and 11 U.S.C. § 1303 together, and having held that the subject property remained property of the bankruptcy estate, the bankruptcy court had ample discretion to grant Appellee's motion. As mentioned above, 11 U.S.C. § 363(b)(1) states: "[t]he trustee, after notice and a hearing, may use, sell, or lease . . . property of the estate." Additionally, 11 U.S.C. § 1303 states: "the debtor shall have . . . the rights and powers of a trustee under sections 363(b)." Because the bankruptcy court properly concluded that the Property was property of Appellee's bankruptcy estate, it did not abuse its discretion in later granting Appellee's Motion for Approval to Sell Real Property.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS the Bankruptcy

Court's orders.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, _____OCT 1 4 2005_____.


DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE


James Pelosi and Marcelle Loren, Co-Trustees of the Maluhia Trust v. Lehua Hoopai, CV. NOS. 05-00186 DAE-KSC and 05-00187 HG-BMK, ORDER AFFIRMING BANKRUPTCY COURT'S ORDERS DENYING MOTION FOR ORDER TERMINATING THE AUTOMATIC STAY AND GRANTING MOTION FOR APPROVAL TO SELL REAL PROPERTY